**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YA JUN LIU, | No. 08-73028 |
| Petitioner, | Agency No. A076-209-300 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2010
Deferred February 10, 2010
Resubmitted February 17, 2010
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

Ya Jun Liu petitions for review of the Board of Immigration Appeals's

("BIA") decision denying her deferral of removal under the Convention Against

Torture ("CAT"). United Nations Convention Against Torture and Other Cruel,

Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S.

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

85, 23 I.L.M. 1027. *See* Regulations Concerning the Convention Against Torture, 64 Fed. Reg. 8478-01 at 8482-83 (Feb. 19, 1999) (codified at various parts of 8 C.F.R.); 8 C.F.R. §§ 208.16-208.18 (1999). Liu conceded removability.[1]

Liu contends that, if she returns to China, she will be tortured and killed by members of a criminal drug gang in reprisal for her cooperation with the United States government, where she assisted in the capture and arrest of two gang members and the identification of a third gang member. The BIA did not disturb the immigration judge's finding that Liu is more likely than not to be tortured if she returns to China and we do not revisit that finding here; instead the BIA denied CAT relief on the ground that Liu's evidence was insufficient, as a matter of law, to show Chinese government officials were more likely than not to acquiesce in her torture.

We review the BIA's answers to questions of law de novo, *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009), and we disagree.. Liu adduced the following evidence: (1) her credible testimony regarding corruption in China; (2) documentary evidence as to systemic corruption in China; (3) portions of the U.S. State Department Country Report for China that related accounts of local

---

[1] We referred this case to mediation, subject to the respondent's consent. Respondent has opposed the referral and this case is now resubmitted.

corruption regarding alien traffickers. In response, the government adduced evidence from state-run newspapers that the Chinese government was cracking down on drug trafficking. The government also introduced one article from the BBC in 2000 reporting similar enforcement efforts against drug traffickers. Based on our review of this evidence, we hold that Liu's evidence was sufficient to meet her burden of proof. Liu has shown, by a preponderance of the evidence, that Chinese government officials are more likely than not to acquiesce in her torture if she returns to China. *See Zheng v. Ashcroft*, 332 F.3d 1186 (9th Cir. 2003).

**GRANTED.**